```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ALBERT COPPEDGE,

                    Petitioner,

         -against-                          MEMORANDUM & ORDER
                                            11-CV-0455 (JS)

VINCENT DeMARCO,

                    Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Albert Coppedge, pro se
                   Suffolk County Correctional Facility
                   100 Center Drive
                   Riverhead, NY 11901

For Respondent:    No appearances.
```

SEYBERT, District Judge:

Pro se Petitioner Albert Coppedge ("Petitioner") petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing Mr. Coppedge's Petition, the Court sua sponte DISMISSES IT WITHOUT PREJUDICE.

## BACKGROUND

Petitioner states that he was arraigned on burglary and firearms charges in Suffolk County on January 3, 2010. He pled guilty on January 11, 2011 and was sentenced to seven years in prison. He filed this petition on January 22, 2011, arguing that his conviction is invalid because he was wrongfully denied an opportunity to testify before the grand jury that eventually indicted him.

DISCUSSION

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1)(A). To properly exhaust state court remedies, a petitioner "must apprise the highest state court of both the factual and the legal premises of the federal claims ultimately asserted in the habeas petition." See Galdamez v. Keane, 394 F.3d 68, 73 (2d Cir. 2005). Additionally, the petitioner must "fairly present[]" these claims in the state court, without procedurally defaulting on them. Id.

Petitioner has apparently not exhausted his state court remedies. Beyond a conclusory statement that he "fairly alerted the State Court of the nature of his federal constitutional claim," there is no suggestion that Petitioner has taken a direct appeal of his conviction or made any requests for post-conviction relief of any kind. And, because this petition was filed just eleven days after Petitioner's guilty plea, it is hard to imagine how Petitioner could have exhausted his remedies in such a short time. Consequently, Petitioner fails to plead a § 2254 habeas claim, and the Court must sua sponte dismiss it on that basis. See Nash v. Evans, 10-CV-0361, 2010 WL 1423196, at *2 (N.D.N.Y. April 9, 2010).

Petitioner may re-file his claim once he fully

exhausts it in state court. But, for now, this case is DISMISSED WITHOUT PREJUDICE, and the Court will not issue a Certificate of Appealability. The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:  February 25, 2011
        Central Islip, New York